Filed 2/29/24  In re J.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.L. et al., Persons Coming Under the Juvenile Court Law. | C098773 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2021-0000006) |
| Plaintiff and Respondent, | |
| v. | |
| L.C., | |
| Defendant and Appellant. | |

L.C. (father) appeals from the juvenile court's orders terminating his parental rights and freeing minors J.L. and E.L. for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  He contends the San Joaquin County Human Services Agency (the Agency) and

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.), because the Agency did not inquire of his extended family members about possible Native American ancestry. Father contends we must remand for further ICWA compliance. The Agency contends that father's denial of any knowledge of Native American ancestry absolved it of any obligation to make further inquiry. Neither party, however, discusses the failure of the juvenile court to make a finding on the applicability of the ICWA.

Because the issue on appeal is limited to ICWA compliance, we dispense with a separate recitation of the underlying facts and procedure. As we shall explain, we agree with father that remand for further ICWA compliance is necessary. We will conditionally affirm the orders terminating parental rights subject to full compliance with the ICWA on remand, as described in this opinion.

DISCUSSION

As this court recently explained: " The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' [Citation.]" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056, briefing deferred.) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian

2

custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).)

Here, a section 300 petition was filed, and the minors were detained in January 2021. The juvenile court asked both parents about possible Native American ancestry at the detention hearing. Father reported he did not believe he had any Native American ancestry. Mother reported Cherokee ancestry on both sides of her family and indicated she has family who live on a reservation. The juvenile court directed the Agency to go ahead and start an ICWA investigation.

In March 2021, the Agency sent notice to the three federally recognized Cherokee tribes and 16 Sioux tribes. By May 2021, all but five of the tribes had responded and indicated that the minors were not Indian children for purposes of the ICWA and more than 60 days had elapsed since the five remaining tribes had been served notice. Accordingly, the Agency reported it believed, and requested the juvenile court find, that the ICWA did not apply but the record does not reflect whether any such finding was made. On August 16, 2021, the United Keetoowah Band of Cherokee Indians (one of the five tribes that had not previously responded) responded that the minors were not Indian children in relation to the tribe. In the social worker's reports filed on August 18, 2022, and October 7, 2022, the Agency again requested the juvenile court make a finding that the ICWA does not apply but no such order was made. The Agency's April 18, 2023, status report reflected the Agency's belief that the ICWA did not apply. The section 366.26 hearing took place on May 16, 2023, at which the juvenile court terminated parental rights. No mention of the ICWA was made at the hearing and no ICWA findings and orders were entered.

Despite the aforementioned notice, father contends further compliance with the inquiry and notice provisions of the ICWA is necessary because the record does not reflect that the Agency inquired of any paternal extended family members about the

minors' possible Native American ancestry, even though the Agency (as it concedes on appeal) had contact with several paternal relatives. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.) However, we review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence to support the juvenile court's findings. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.) Thus, a precursor to addressing such a claim on appeal is the required finding by the juvenile court that the Agency has complied with the laws and its obligations and that the ICWA does not apply. It does not appear the juvenile court made the requisite findings to allow for review.

The juvenile court had a duty to ensure the Agency made appropriate inquiries and then make findings as to the Agency's compliance with its obligations and the applicability of the ICWA based on the results of all inquiries, including the court's own. (See *In re A.M.* (2020) 47 Cal.App.5th 303, 319 ["ICWA and the corresponding provisions of California law impose an affirmative and continuing duty on the juvenile court to inquire whether the child is an Indian child"].) The juvenile court's failure to do so here was in error. (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704-705, 709.) Because the juvenile court did not make a finding on the subject, we have no ICWA findings and orders to review and any remarks we would make on the adequacy of the Agency's inquiry and notice would be advisory. (See *People v. Buza* (2018) 4 Cal.5th 658, 693 ["We . . . abide by . . . a ' "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" ' "].) Accordingly, we remand the matter for further ICWA compliance and for the juvenile court to enter an ICWA finding based on the Agency's demonstration of inquiry and notice.

DISPOSITION

The orders terminating parental rights are conditionally affirmed subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating

4

parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)


          _____\s\_____ ,
          Krause, J.


We concur:


_____\s\_____ ,
Earl, P. J.


_____\s\_____ ,
Wiseman, J.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.